## Case No. 7,684.

KEMBLE v. WILMINGTON & N. R. CO.

[35 Leg. Int. 165; [1] 5 Wkly. Notes Cas. 172;
13 Phila. 469.]

Circuit Court, E. D. Pennsylvania. Jan. 15,
1878.

CORPORATIONS — ISSUE OF BONDS BY RAILWAY
COMPANY—WHEN PERMITTED IN PENNSYLVANIA.

The act of April 8, 1861, does not authorize
the issue by a railroad company of bonds other-
wise than for a new, adequate, valuable con-
sideration, increasing the available funds of the
corporation.

In equity. The bill alleged: (1) That com-
plainant was a citizen of New York, and
the Wilmington and Northern Railroad Com-
pany was the successor of the Wilmington
and Reading Railroad Company, and a cor-
poration of Pennsylvania. That said last men-
tioned company had duly made, executed,
and delivered a certain mortgage or deed of
trust to trustees therein named, to secure
certain bonds of said company, which were
duly issued. Proceedings upon said mort-
gage were duly had in this court, which re-
sulted in a decree, in pursuance of which a
sale of the property and franchises, thereby
ordered to be sold, was duly made to attor-
neys in fact named in a certain writing, who
in making the purchase acted under the writ-
ing for account of a number of the first-
mortgage bondholders. (2) That said persons,
for and on whose account said railroad was
purchased, have since duly met and organ-
ized a new corporation, to wit, the corporation
defendant, and have issued certificates of
stock to those for and on whose account said
purchase was made, to the amount of their
respective interests therein, in shares of fifty
dollars each; and have fully conformed to the
act of April 8, 1861 (P. L. 259, Purd. Dig.
290), entitled "An act concerning the sale of
railroads, canals, turnpikes, bridges, and
plank roads," and the statute of the state of
Delaware, whereby the defendant corpora-
tion is a body politic and corporation; and
complainant is the owner of 396 shares of the
capital stock thereof. (3) That said corpora-
tion defendant is about to execute a mortgage
or deed of trust of all its property and fran-
chises to secure a proposed issue to and among
its stockholders, in proportion to their re-
spective interests, of bonds to the aggregate
amount of one million five hundred thousand
dollars. (4) That defendant intends to exe-
cute said bonds and mortgage wholly without
consideration, to have priority, as a supposed
lien, over its future indebtedness, in violation
of law and of its charter, are a fraud in law
and a misapplication of its capital, and would
result in lessening the value of the shares of
complainant, and subject him to loss; the bill
then prayed a writ of injunction restraining
defendant from issuing or creating said or
any bonds and mortgage except for present

valuable and adequate consideration, and for
further relief. The answer admitted the facts
set forth in the first, second, and third para-
graphs of the bill, except the allegations that
the defendants are the successors of the Wil-
mington and Reading Railroad Company, and
as to the amount of bonds to be issued, the
true amount being $1,203,100, and denied,
as alleged in the fourth paragraph, that the
mortgage and bonds which they propose to ex-
ecute, are without consideration or void as
against future creditors, or a fraud in law;
but aver that there has been a good and suf-
ficient consideration received by them for the
same, viz. the signature to the letter of at-
torney authorizing the purchase; the surren-
der of the first-mortgage bonds of the Wil-
mington and Reading Railroad; and the con-
veyance of the surcharged property to the de-
fendant by the attorney purchasing under
the agreement; and that the said mortgage
will have priority over future creditors, and
that defendants are legally bound to create
the same.

George M. Dallas, for complainant.
Lewis Waln Smith, for respondent.

CADWALADER, District Judge. The act
of April 8, 1861, under which the corpora-
tion defendant was organized, authorized the
issue of bonds to an amount not exceeding
the capital, secured by mortgage, of the prop-
erty and franchises. The act does not au-
thorize the issue of such bonds otherwise
than for a new, adequate, valuable consid-
eration, increasing the available funds of the
corporation. The bonds and mortgage which
it is proposed to execute would not have
this effect, but would be for a different in-
tended purpose. The injunction prayed is
therefore decreed.

[NOTE. A decree was subsequently made, in
a suit on the bonds for default of interest, that
the mortgaged premises be sold as one property,
although lying both in Delaware and Pennsyl-
vania. Case No. 11,563.]